WARDLAW, Circuit Judge,
dissenting:
Cui credibly testified that he gave humanitarian assistance to five North Koreans because his “conscience would not allow [him] to not help these people who were in such dire need[ ].” As a result, he was arrested, beaten by the local Chinese police as they interrogated him, detained for a week in a filthy cell with seven other men who brutally beat him because he was not a “real criminal,” hospitalized for over a month, and fired from his job. Cui suffered such treatment on account of his political opinion. The BIA’s conclusion that Cui was subject to “prosecution for an act deemed criminal in China” is wrong as a matter of law. See Li v. Holder, 559 F.3d 1096, 1108-11 (9th Cir.2009).
Moreover, the IJ’s finding that “the authorities only slapped him” is not supported by substantial evidence, given that the IJ found that Cui testified credibly. Cui did not suffer “merely an isolated incident” of abuse, Sanchez-Trujillo v. INS, 801 F.2d 1571, 1581 (9th Cir.1986), and his detention was far more severe than the “four to six hours” of detention endured by the petitioner in Prasad v. INS, 47 F.3d 336, 339 (9th Cir.1995). The “totality of the circumstances” thus compels the conclusion that Cui was persecuted. Guo v. Ashcroft, 361 F.3d 1194, 1203 (9th Cir.2004) (finding persecution where the petitioner was arrested, detained, and physically abused); see Kalubi v. Ashcroft, 364 F.3d 1134, 1136-37 (9th Cir.2004) (finding that harsh conditions in an overcrowded prison cell, even absent physical beatings, established past persecution); see also Avetova-Elisseva v. INS, 213 F.3d 1192, 1196 (9th Cir.2000) (“[A]ffirmative state action is not necessary to establish a well- *714 founded fear of persecution if the government is unwilling or unable to control those elements of its society responsible for targeting a particular ... individual [].” (internal quotation marks omitted)). Accordingly, I would grant the petition and remand to the BIA for further proceedings.